## 17780

TRI-COUNTY ELECTRIC COOPERATIVE, Appellant, v. John J. SNOW, Chairman, Clyde F. Boland, Hugh C. Brown, J. Louis Moss, Charles A. Rice, Winchester Smith, and Edward Wimberly, individually and as constituting The Public Service Commission, and City of Orangeburg, Respondents.

(120 S. E. (2d) 14)

*Messrs. Roberts, Jennings, Thomas & Lumpkin,* of Columbia, and *Henry L. Lake,* of St. Matthews, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Irvine F. Belser, Assistant Attorney General,* of Columbia, *for Respondent, South Carolina Public Service Commission,*

*Messrs. Sims & Sims,* of Orangeburg, *for Respondent, City of Orangeburg,*

*Messrs. Roberts, Jennings, Thomas & Lumpkin,* of Columbia, and *Henry L. Lake,* of St. Matthews, *for Appellant, in Reply,*

May 11, 1961.

PER CURIAM.

The Tri-County Electric Cooperative, Inc., a nonprofit membership corporation formed under the Rural Electric Cooperative Act, Sections 12-1001 to 12-1083, inclusive, of the 1952 Code, petitioned the South Carolina Public Service Commission for an order requiring the City of Orangeburg to cease and desist from extending its electrical utility operations into an area outside of the city limits which the Cooperative claimed was already occupied and served by it. The City of Orangeburg timely objected to the jurisdiction of the Commission upon the grounds (1) that the Commission was without power to regulate or restrict its electrical utility operations, and (2) that under the Electrical Utilities Act, Sections 24-1 to 24-176, inclusive, of the 1952 Code, the Cooperative had no standing to ask for a cease and desist order. Both grounds were sustained by the Commission and the proceeding dismissed. Thereafter the Cooperative brought this action in the Court of Common Pleas for Richland County to set aside the order of the Commission. The Circuit Judge affirmed the Commission's order upon both jurisdictional grounds. The Cooperative has appealed.

We find it unnecessary to determine whether the Commission is empowered to restrict or regulate the electrical utility operations of municipalities outside of their corporate limits. In *Black River Electric Cooperative, Inc. v. Public Service Commission,* S. C., 120 S. E. (2d) 6, we held that an electric cooperative had no standing to seek a cease and desist order under the Electrical Utilities Act. Upon this ground, the order of the Circuit Judge is affirmed and the proceedings dismissed.